ALBERT ALLEN v. STATE.

No. A-2224.  Opinion Filed March 20, 1915.

Appeal from County Court, Coal County;

P. E. Wilhelm, Judge.

Albert Allen, convicted of selling cider, appeals.  Reversed.

C. M. Threadgll, for plaintiff in error.

Chas. West, Atty. Gen., for the State.

PER CURIAM.  The plaintiff in error w̶a̶s̶ convicted on an information charging ''that the said Albert Allen did then and there, wilfully and unlawfully sell and furnish to Tom Elkins certain intoxicating liquors, the particular kind and character of which being affiant unknown, but said liquors being then and there known as 'cider', contrary to,'' etc.  On the 9th day of January, 1914, judgment was rendered and he was sentenced in accordance with the verdict of the jury to be confined for thirty days in the county jail and to pay a fine of fifty dollars.  The complaining witness, Tom Elkins, testified that he bought some apple cider from the defendant in his store at Globe; that he drank five glasses and it made him drunk.

For the defense, Edgar Caruthers testified that he sold to the defendant the cider in question, and the same was not subject to a special tax under the Internal Revenue Laws of the United States; that it was non-intoxicating; that he often drank seven or eight glasses without feeling it.

Albert Allen, as a witness in his own behalf, testified that he had a store and blacksmith shop at Globe; that he often drank five or six glasses of the cider, and knew it was not intoxicating; that the complaining witness, Tom Adkins, was not drunk at his store.

Three or four witnesses testified that they had drunk from half a dozen to a dozen glasses of the cider and knew it was not intoxicating.  Several witnesses testified to the good character of the defendant.

Our statute provides:  ''It shall be lawful to sell in this state apple cider manufactured either within or without the state from the unadulterated juice of apples, if the same is of such a character as not to be subject to a special tax under the internal revenue laws of the Unted States, and shall comply with the requirements of the pure food laws of the United States, and of this state.''  Sec. 3606 Rev. Laws 1910.)

That the verdict and judgment in this case is contrary to law and the evidence there can be no doubt.  The judgment of conviction herein is, therefore, reversed.